UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL JOSEPH BARESH,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W COLVIN,<br><br>Defendant. | CASE NO. C15-1327-MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Defendant's Objections to the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge. (Dkt. No. 14.) Having reviewed the Objections, (Dkt. No. 14), Judge Christel's R&R, (Dkt. No. 13), and the related record, the Court hereby DENIES Defendant's Objections, (Dkt. No. 14), and ADOPTS the R&R, (Dkt. No. 13).

## Background

Pending before the Court is an R&R from Judge Christel recommending that the Court reverse and remand this matter pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings. (Dkt. No. 13.) Defendant objects to Judge Christel's conclusion that "the ALJ

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Gaaserud's opinion." (Dkt. No. 14 at 2.)

## Discussion

### I. Legal Standard

Under Federal Rule of Civil Procedure 72, the District Judge must resolve de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

### II. Defendant's Objections

The ALJ gave little weight to Dr. Gaaserud's opinion for the following reasons: (1) the ALJ found the opinion to be internally inconsistent; (2) Dr. Gaaserud did not identify any objective findings, other than describing Plaintiff's subjective complaints which the ALJ found not credible; and (3) the ALJ found Dr. Gaaserud's opinion inconsistent with Plaintiff's minimal and mild objective physical findings and his activities. (AR 21.)

Judge Christel found the ALJ's first reason for assigning little weigh Dr. Gaaserud's opinion was not a proper reason for rejecting Dr. Gaaserud's opinion because the ALJ failed to adequately explain the alleged inconsistency. (Dkt. No. 13 at 5.) Judge Christel found the ALJ's second reason for assigning little weight to Dr. Gaaserud's opinion improper because Dr. Gaaserud not only described Plaintiff's subjective complaints, but also "stated the clinical findings and objective signs were supported by attached visit notes." (Id. at 6–7.) He noted that it was not clear from the ALJ's opinion whether the ALJ considered this evidence when finding Dr. Gaaserud relied only on Plaintiff's subjective complaints. (Id. at 7.) Judge Christel found the ALJ's third reason for rejecting Dr. Gaaserud's opinion was not a proper reason because the ALJ failed to identify the specific evidence contained within the objective physical findings and Plaintiff's activities which conflicts with Dr. Gaaserud's opinion. (Id.)

Defendant does not actually object to Judge Christel's finding that the ALJ's first reason for assigning little weight to Dr. Gaaserud's opinion was not a proper reason. (Dkt. No. 14 at 3) ("The first reason, internal inconsistency, while still a valid reason, was also a somewhat minor inconsistency. Thus, for the sake of argument, that reason alone would not support the rejection of the doctor's opinion.") The Court, therefore, does not address this finding.

Defendant makes the following arguments regarding Judge Christel's finding that the ALJ's second reason for assigning little weight to Dr. Gaaserud's opinion was not a proper reason: (1) Dr. Gaaserud personally examined Plaintiff only one time, and her objective findings do not support the limitations she found; (2) the ALJ's opinion references the treatment notes Judge Christel found the ALJ overlooked; and (3) the ALJ gave significant weight to Dr. Phan's opinion, which contradicted Dr. Gaaserud's opinion. (Dkt. No. 14 at 4–6.)

Defendant's first argument fails because it is based on a misinterpretation of the R&R. Judge Christel found that Dr. Gaaserud's opinion was supported by almost 90 pages of treatment notes from GroupHealth, where Dr. Gaaserud practices. (Dkt. No. 13 at 6.) Defendant does not show any error in the R&R by pointing to the fact that Dr. Gaaserud personally examined Plaintiff only once, or that the observations from that one examination do not support all of the limitations found by Dr. Gaaserud. Defendant's second argument fails because, while the ALJ's opinion may reference the relevant treatment notes, the ALJ's discussion of Dr. Gaaserud's opinion does not address the fact that Dr. Gaaserud cited to those notes. (See AR 21.) Defendant's third argument fails because this was not a reason the ALJ gave for discounting Dr. Gaaserud's opinion. (Id.)

Defendant argues Judge Christel's finding that the ALJ's third reason for rejecting Dr. Gaaserud's opinion was improper was in error because the same reasons the ALJ provided for

discrediting Plaintiff's allegations about his functional abilities support the rejection of Dr. Gaaserud's opinion of Plaintiff's abilities. (Dkt. No. 14 at 8.) This argument is unavailing, because it amounts to nothing more than post hoc rationalization.

For reasons stated above, the Court DENIES Defendant's Objections to Judge Christel's R&R.

## Conclusion

The Court DENIES Defendant's Objections, (Dkt. No. 14), and ADOPTS the R&R, (Dkt. No. 13). This matter is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. §405(g) to the Acting Commissioner for further proceedings consistent with the R&R.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 17th day of June, 2016.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4